IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BEAUTY OF SCIENCE 101, LLC, d/b/a GRUNGE FACTORY COSMETICS, <br><br> *Plaintiff,* <br><br> v. <br><br> HUDA BEAUTY LIMITED AND HB USA HOLDINGS, INC., d/b/a HUDA BEAUTY, <br><br> *Defendants.* | Case Number: <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Beauty of Science 101, LLC d/b/a Grunge Factory Cosmetics ("Plaintiff" or "Beauty of Science 101" or "Grunge Factory Cosmetics"), by and through its undersigned attorneys, bring this complaint against Defendants Huda Beauty Limited and HB USA Holdings, Inc. d/b/a Huda Beauty (collectively "Defendants" or "Huda Beauty"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement, false designation of origin, and unfair competition arising under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq.*, and specifically 15 U.S.C. § 1114; and 15 U.S.C. § 1125.

## PARTIES

2. Plaintiff Beauty of Science 101, LLC is a Texas corporation with a place of business at 404 Cincinnati Avenue, El Paso, TX 79902-2611.

3. Huda Beauty Limited is a British Virgin Islands company with a place of business at Road Town, J&C Building, 3rd Floor, Tortola, British Virgin Islands VG110.

4. HB USA Holdings, Inc. is incorporated in Delaware and its principal place of business is in Los Angeles, California.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's claims against the Defendants because the Court has original federal questions subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121.

6. This Court has personal jurisdiction over Defendants because the Defendants do business in the State of Delaware and this judicial district and because the actions described herein took place in this judicial district.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because HB USA Holdings Inc. is incorporated in Delaware and Huda Beauty Limited is a foreign entity and § 1391(c) may be sued in any judicial district. *3G Licensing, S.A. v. HTC Corp.*, No. 17-83-LPS-CJB, 2017 U.S. Dist. LEXIS 207202, at *4 (D. Del. Dec. 18, 2017)

## FACTS

### Plaintiff and Its Activities

8. Plaintiff Beauty of Science 101 was founded by Mary Bardouché in 2018. Beauty of Science 101 offers for sale skincare products under the name and trademark BEAUTY OF SCIENCE 101. These skincare products include serums and creams. Ms. Bardouché is the CEO of Beauty of Science 101.

9. On January 18, 2018, Ms. Bardouché filed an application to register the trademark BEAUTY OF SCIENCE 101 with the U.S. Patent & Trademark Office ("USPTO"). The USPTO issued Registration No. 6,080,575 for the mark on June 16, 2020. Exhibit A.

10. BEAUTY OF SCIENCE 101 products are promoted and offered sale on Beauty of Science 101's website, https://www.beautyofscience101.com/, and on Amazon, https://www.amazon.com/.

11. In 2020, Ms. Bardouché started Grunge Factory Cosmetics.  Ms. Bardouché is also the CEO of Grunge Factory Cosmetics.  Grunge Factory Cosmetics is a subsidiary of Beauty of Science 101.

12. On March 6, 2020, Ms. Bardouché filed an application to register the trademark GRUNGE FACTORY with the U.S. Patent & Trademark Office ("USPTO"). The USPTO issued Registration No. 6,212,978 for the mark on December 1, 2020. Exhibit B.

13. In 2021, Grunge Factory Cosmetics began offering for sale lipsticks under the GRUNGE FACTORY name and trademark. As shown in the specimens of use for Reg. No. 6,212,978, the Grunge Factory Cosmetics lipstick products appear as follows:



14. Another version of the packaging for the Grunge Factory Cosmetic lipstick products appear as follows:



15. GRUNGE FACTORY cosmetic products are promoted and offered for sale on Grunge Factory Cosmetics' website, https://www.grungefactorycosmetics.com/, and on Amazon, https://www.amazon.com/. Grunge Factory Cosmetics has an amazon storefront where its GRUNGE FACTORY products are promoted and offered for sale, https://www.amazon.com/stores/GrungeFactoryCosmetics/page/AA1A57AF-E61B-4B41-A826-AED5C853DF0A?ref_=ast_bln. GRUNGE FACTORY cosmetic products are promoted and advertised on social media platforms such as Instagram and Facebook.

16. On February 17, 2024, Grunge Factory Cosmetics began promoting an eyeshadow palette on its website and amazon storefront. The eyeshadow palette will be available for purchase in the Summer of 2024. The Grunge Factory Cosmetics eyeshadow palette product

appears as follows:




17. Grunge Factory Cosmetics sells its GRUNGE FACTORY products to customers across the United States, including but not limited to customers located in Texas, Florida, California, Arizona, and New York.

18. Since Grunge Factory Cosmetics' founding in 2020, it has spent significant time, money, and resources in developing, protecting, and promoting its GRUNGE FACTORY brand and the products offered, advertised, and promoted under this name and mark.

19. As a result of Grunge Factory Cosmetics' expenditures and efforts, the GRUNGE FACTORY name and mark has come to signify high-quality products, and Grunge Factory Cosmetics has enjoyed commercial success for its GRUNGE FACTORY products.

**Defendants and their Activities**

20. Upon information and belief, no earlier than October 2023, Huda Beauty began using the names GRUNGE and PRETTY GRUNGE (The "Infringing Marks") on and in connection with some of its cosmetic products comprising its "Pretty Grunge Collection." These

5

products include, but are not limited to, an eyeshadow palette, face gloss, lipstick, lip balm, and lip contour.

21.  Upon information and belief, Huda Beauty's GRUNGE and PRETTY GRUNGE products – that include eyeshadow and lipstick – are promoted and offered for sale on Huda Beauty's website, https://www.hudabeauty.com. In addition, Huda Beauty's PRETTY GRUNGE eyeshadow palette product are promoted and offered for sale on Sephora's website, https://www.sephora.com/brand/huda-beauty, and Amazon's website, https://www.amazon.com/.

22. The Huda Beauty GRUNGE and PRETTY GRUNGE products appear as follows on Huda Beauty's website:



23. The Huda Beauty PRETTY GRUNGE eyeshadow palette appears as follows on Sephora's website:



24. The Huda Beauty PRETTY GRUNGE eyeshadow palette appears as follows on Amazon's website:



8

25. Huda Beauty's GRUNGE and PRETTY GRUNGE products are promoted and advertised on several social media platforms including but not limited to Instagram, Facebook, and TikTok.

26. On December 12, 2023, Grunge Factory Cosmetics' legal counsel sent a cease and desist letter to the Huda Beauty Legal Department. Exhibit C. The cease and desist letter requested that Huda Beauty stop using the name GRUNGE and PRETTY GRUNGE in connection with its cosmetics products. *Id.*

27. On January 8, 2024, Huda Beauty's legal counsel sent a letter to Grunge Factory Cosmetics' counsel asserting that Grunge Factory Cosmetics' allegations have no merit and there is no likelihood of confusion between the GRUNGE FACTORY mark and the GRUNGE and PRETTY GRUNGE marks. Exhibit D.

28. On February 16, 2024, Grunge Factory Cosmetics' legal counsel responded to Huda Beauty's January 8, 2024 letter. Exhibit E. In this reply letter Grunge Factory Cosmetics' rebutted Huda Beauty's position that Grunge Factory Cosmetics' allegations have no merit. *Id.*

29. In response to Grunge Factory Cosmetics' requests that Huda Beauty stop using the names GRUNGE and PRETTY GRUNGE in connection with its cosmetics products, Huda Beauty declined to take any corrective action. Exhibit F.

## COUNT I

### Federal Trademark Infringement

### 15 U.S.C. § 1114

30. Plaintiff hereby repeats and incorporates the allegations contained in Paragraphs 1 through 29 as if fully set forth herein.

31. This claim is brought under 15 U.S.C. § 1114.

32. Plaintiff has continuously and extensively used the GRUNGE FACTORY Trademark since 2020, and Plaintiff has not abandoned the mark.

33. The GRUNGE FACTORY registration is valid and enforceable.

34. Plaintiff's use and registration of the GRUNGE FACTORY Trademark in the United States for cosmetic products predates the use of the Infringing Marks by Defendants.

35. Defendants' Infringing Marks, GRUNGE and PRETTY GRUNGE, are confusingly similar to Plaintiff's mark GRUNGE FACTORY, because Defendants' marks wholly incorporate the term "GRUNGE," which is the dominant portion of both Plaintiff's mark and Defendants' marks.  Defendants' goods are identical to and competing with the goods of Plaintiff.  Defendants' use of the Infringing Marks in commerce, in connection with the sale, offering for sale, distribution, or advertising of goods identical to and competing with those of Plaintiff, is likely to cause confusion, mistake, or deception with regard to the origin of Defendants' goods, and to confuse, mislead, and deceive members of the public into believing that Plaintiff has allowed, sponsored, approved, or licensed Defendants (and/or their affiliates or business partners) to provide competing goods, or in some way Defendants (and/or their affiliates or business partners) are connected to or affiliated with Plaintiff, when Defendants are not.

36. Any such confusion would result in injury or have a direct impact on Plaintiff's reputation and its ability to market its own goods under the GRUNGE FACTORY Trademark. Furthermore, any defect, objection, or fault found with Defendants' (and/or their affiliates' or business partners') goods would negatively impact and seriously injure the reputation Plaintiff has established for the goods it sells under the GRUNGE FACTORY Trademark.

37. Defendants' use of the Infringing Marks was without Plaintiff's permission, license, or consent. Defendants are not connected with Plaintiff or the GRUNGE FACTORY Trademark, and Defendants do not have a license or other agreement to use the GRUNGE FACTORY Trademark.

38. Plaintiff has objected to Defendants' use of the Infringing Marks and Defendants have ignored such demands and continues the infringing conduct thereby causing injury to the goodwill associated with the GRUNGE FACTORY Trademark.

39. Defendants' acts constitute infringement of the federally-registered GRUNGE FACTORY Trademark in violation of 15 U.S.C. § 1114.

40. Plaintiff has been and will continue to be irreparably injured by Defendants' conduct. Plaintiff has no adequate remedy at law for Defendants' infringement of its rights. Plaintiff is therefore entitled to injunctive relief against Defendants.

## COUNT II

### False Designation of Origin and Unfair Competition

### 15 U.S.C. § 1125(a)

41. Plaintiff hereby incorporates the allegations contained in Paragraphs 1 through 40 as if fully set forth herein.

42. This claim is brought under 15 U.S.C. § 1125(a).

43. Plaintiff has continuously and substantially used the GRUNGE FACTORY mark since 2020 and has not abandoned the mark.

44. The GRUNGE FACTORY mark is distinctive and commercially strong and enjoys both federally registered and common law trademark protection.

45. Plaintiff's use of the GRUNGE FACTORY mark in the United States for cosmetic products is prior to any date upon which Defendants could rely on as the first date Defendants used the names GRUNGE or PRETTY GRUNGE on its cosmetic products.

46. Defendants are using a confusingly similar names for the same, related, and competing products without Plaintiff's authorization. The names GRUNGE and PRETTY GRUNGE are confusingly similar in appearance, sound, connotation, and commercial impression to the GRUNGE FACTORY mark, and the names GRUNGE and PRETTY GRUNGE are used on related and competing cosmetic products to those that are offered and advertised under the GRUNGE FACTORY mark.

47. Defendants' use of the names GRUNGE and PRETTY GRUNGE on cosmetic products misrepresents the nature, characteristics, qualities, and origin of Defendants' products.

48. Defendants' unauthorized use of GRUNGE and PRETTY GRUNGE in commerce, in connection with the sale, offering for sale, distribution, or advertising of goods, unfairly competes with Plaintiff, constitutes a false designation of origin and false description, and falsely represents to the public that the goods advertised, sold, or offered for sale by Defendants (and/or their affiliates or business partners) emanate from the same source or origin as Plaintiff's goods, or that Plaintiff authorizes, endorses, sponsors, or otherwise approves those goods, when Plaintiff does not.

49. Defendants' use of the Infringing Marks is without Plaintiff's permission, license, or consent.  Defendants are not connected with Plaintiff or the GRUNGE FACTORY mark. Plaintiff has objected to Defendants' use of the Infringing Marks and Defendants have ignored such demands and continue to use the Infringing Marks, to trade on the goodwill associated with the GRUNGE FACTORY Trademark.

50. Defendants' acts constitute false designation of origin, false suggestion and false connection with the GRUNGE FACTORY Trademark and unfair competition in violation of 15 U.S.C. § 1125(a).

51. Plaintiff has been and will continue to be irreparably injured by Defendants' conduct. Plaintiff has no adequate remedy at law for Defendants' infringement of its rights. Plaintiff is therefore entitled to injunctive relief against Defendants.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all matters and issues triable by a jury.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendants:

(a) An order declaring that Defendants' unauthorized conduct violates the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a);

(b) An order permanently enjoining and restraining Defendants and those in active concert and participation with Defendants from:

1. Further infringing and/or making any use of the GRUNGE FACTORY mark and any colorable imitations, including but not limited to GRUNGE and PRETTY GRUNGE, to advertise, promote, offer, and provide cosmetic products, or any related products or services; or

2. Representing or suggesting to any third party that Defendants or its products are affiliated with, sponsored by, licensed by, or otherwise associated with Grunge Factory and/or the GRUNGE FACTORY mark; and

3. Otherwise unfairly competing with Plaintiff;

(c) Any other relief that the Court finds warranted and just.

| | |
|---|---|
| Dated: April 17, 2024 | Respectfully submitted,<br><br>PANITCH SCHWARZE BELISARIO & NADEL LLP<br><br>*/s/ John D. Simmons*<br>John D. Simmons (#5996)<br>Steven D. Lustig (*pro hac vice* to be filed)<br>Ava E. Lutz (*pro hac vice* to be filed)<br>Wells Fargo Tower<br>2200 Concord Pike, Suite 201<br>Wilmington, DE 19803<br>Telephone: (302) 394-6001<br>Facsimile: (215) 965-1331<br>jsimmons@panitchlaw.com<br>alutz@panitchlaw.com<br>slustig@panitchlaw.com<br><br>***Counsel for Plaintiff Beauty of Science 101, LLC d/b/a Grunge Factory Cosmetics*** |