**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| BEAUTY OF SCIENCE 101, LLC, d/b/a GRUNGE FACTORY COSMETICS,<br><br>Plaintiff,<br><br>v.<br><br>HUDA BEAUTY LIMITED and HB USA HOLDINGS, INC., d/b/a HUDA BEAUTY,<br><br>Defendants. | ) | Case No. 24-488-JLH-CJB |

**MEMORANDUM OPINION**

At Wilmington, this 18th day of September 2026;

WHEREAS, Plaintiff Beauty of Science 101, LLC ("Plaintiff") alleges that Defendants Huda Beauty Limited and HB USA Holdings, Inc. ("Defendants") infringe Plaintiff's "GRUNGE FACTORY" trademark by selling cosmetics labeled "Grunge" and "Pretty Grunge";

WHEREAS, Count I of the First Amended Complaint alleges trademark infringement in violation of 15 U.S.C. § 1114, and Count II alleges false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a) (D.I. 53 ¶¶ 30–51);

WHEREAS, Defendants ask for summary judgment in their favor on both counts because no reasonable factfinder could find a likelihood of confusion (D.I. 60 at 5–17); *see A & H Sportswear, Inc. v. Victoria's Secret Stores, Inc.*, 237 F.3d 198, 210 (3d Cir. 2000) ("We measure federal trademark infringement, 15 U.S.C. § 1114, and federal unfair competition, 15 U.S.C. § 1125(a)(1)(A), by identical standards . . . . To prove either form of Lanham Act violation, a plaintiff must demonstrate that (1) it has a valid and legally protectable mark; (2) it owns the mark;

and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion.");

WHEREAS, Defendants also ask the Court to "enter summary judgment that [Plaintiff] cannot get damages" (D.I. 60 at 19);

WHEREAS, Plaintiff concedes that it does not seek damages (D.I. 73 at 15);

WHEREAS, the Court thus assumes that this case will be tried to the bench, as Plaintiff is apparently seeking only equitable relief;

WHEREAS, likelihood of confusion is a fact question, *Country Floors, Inc. v. P'ship Composed of Gepner & Ford*, 930 F.2d 1056, 1063 (3d Cir. 1991), and there is some evidence in the record supporting Plaintiff's contention that there is a likelihood of confusion, thereby making summary judgment inappropriate;

WHEREAS, the Third Circuit has explained that "summary judgments are the exception" in a trademark case, and that it is inappropriate for a district court to make fact findings when assessing a motion for summary judgment of no likelihood of confusion, even where the case will ultimately be tried to the bench and even if the district court considers all of the evidence developed in discovery, *Country Floors, Inc.*, 930 F.2d at 1062–63 (3d Cir. 1991);

WHEREAS, the Court (sitting as a factfinder) would not find a likelihood of confusion based on the present record, but the Court cannot make a finding at this stage of the proceedings, *see id.* (explaining that fact findings are appropriate for a "bench verdict" but not for summary judgment);

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendants' motion for summary judgment is DENIED insofar as it requests judgment of no liability on Counts I and II.

IT IS FURTHER ORDERED that Plaintiff cannot seek damages at trial.

IT IS FINALLY ORDERED that the parties should meet and confer to discuss how they want to proceed. Should the parties wish to proceed to trial, they shall advise the Court via a joint status letter filed on the docket on or before October 2, 2026.

The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE